UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACOB BECKER,

                                Plaintiff,

v.                                              Civil Action No. _____

CHECK RESOLUTION SERVICE, INC.,
ROBERT MARCHIANO, and
OVERSIGHT BCI, INC.,

                                Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Jacob Becker, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Check Resolution Service, Inc. ("CRS"), is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant, Robert Marchiano, is natural person residing in the County of Erie and State of New York, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant, Oversight BCI, Inc. ("BCI"), is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendants regularly attempt to collect debts alleged to be due another.

9. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. That upon information and belief, Defendant, Robert Marchiano, is the owner of the Defendant CRS and/or Defendant BCI.

11. That upon information and belief, the acts of Defendants CRS and BCI came at the direction of Defendant Robert Marchiano.

12. That upon information and belief, Defendant Robert Marchiano had knowledge of Defendants CRS's and BCI's conduct.

13. Upon information and belief, Defendants CRS and BCI exercised control, dominated over, and was the alter ego of the affairs of Defendants CRS and BCI.

14. Upon information and belief, Robert Marchiano was the moving, active conscious force behind Defendants' tortuous acts alleged herein.

15. Upon information and belief, Robert Marchiano authorized, approved, and took part in the tortuous acts of Defendants CRS and BCI alleged herein.

16. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

17. That Plaintiff incurred a debt to Pay Day Max. This debt will be referred to as "the subject debt."

18. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. That Plaintiff thereafter defaulted on the subject debt.

20. That upon information and belief, Defendants CRS and BCI attempted to collect on the subject debt.

21. That in or about October of 2011, Defendants, CRS and BCI, began calling Plaintiff multiple times per week in an attempt to collect on the subject debt.

22. That during the first of these aforementioned calls, Defendants CRS and BCI informed Plaintiff that if he did not pay, that he would have to appear in court and would be responsible for three times the amount of the debt; that a summons would be forwarded out to Erie County; and that if he wanted to stop the summons, he would have to pay.

23. That Defendants CRS and BCI called Plaintiff's brother and disclosed that they were investigating Plaintiff for check fraud and that a summons would be issued.

24. That Defendants CRS and BCI have left several voice messages on Plaintiff's voicemail which state:

    A. There is a bad check claim filed against your social security number;
    B. A summons will be served at your place of residence or your place of employment; and
    C. A "docket number".

25. That despite Defendants CRS and BCI statements, they had not been authorized by Pay Day Max to pursue legal action against Plaintiff, and did not intend to do so. To date, no legal action threatened against Plaintiff has been commenced by Defendants.

26. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

27. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

28. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692b(2) by contacting Plaintiff's brother and disclosing that they were investigating Plaintiff for check fraud and that a summons would be issued.

    B. Defendants violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer as described in paragraph 17(A)-17(C).

    C. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating a Summons will be served on Plaintiff; that there is a bad check claim against Plaintiff's social security number; that Plaintiff would be served with a

summons at his residence or place of employment; and stating Plaintiff has a Docket Number.

29. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 3, 2012

/s/ Seth J. Andrews
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
           sandrews@kennethhiller.com